**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                          CASE NO. 3:09-cr-85-J-32MCR

KAMAL M. CALLWOOD

_____

**SENTENCING ORDER**

This case is before the Court *sua sponte*. On March 21, 2011, the Court sentenced defendant Kamal M. Callwood to One Hundred Sixty-Eight (168) months imprisonment. Following sentencing, concerned that it may have inadvertently commented on the defendant's right not to testify at sentencing, the Court researched the matter, and now concludes that it committed no error.

The self-incrimination clause of the Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The privilege "applies at sentencing just as it does during any other stage of the prosecution." United States v. Rodriguez, 959 F.2d 193, 197 n.3 (11th Cir. 1992). The Supreme Court has held that a guilty plea "is not a waiver of the privilege at sentencing." Mitchell v. United States, 526 U.S. 314, 316 (1999). It has also held that, "in determining facts about the crime which bear upon the severity of the sentence," Id. at 316-17, a sentencing court "may [not] draw an adverse inference from the defendant's silence [during the sentencing]." Id. at 317. Specifically, the court may not "hold it against" the defendant for not testifying, because by doing so, the court "impose[s] an impermissible burden on the

exercise of the constitutional right against compelled self-incrimination." Id. at 330.

At sentencing, the government proved by a preponderance of the evidence that defendant had assaulted a law enforcement officer during his arrest, thereby necessitating an enhancement under the advisory sentencing guidelines.  Defendant chose not to take the stand while this issue was being litigated. However, later, at his allocution, Defendant denied striking the officer. In pronouncing sentence, the Court made the following statement:

> I have found by a preponderance of the evidence that Mr. Callwood did assault the officer. I hear Mr. Callwood say it didn't happen. *He didn't, of course, take the stand today to say that. I'm not sure it would have mattered or wouldn't have mattered, but he didn't-- . . . that was his choice.* And I found by the evidence that it occurred. . . . Mr. Callwood said it didn't. The officer said it did. There's not only the testimony of the officer, but there's also physical evidence of a blow to his arm. And there's the dumbbell right in the picture. So I . . . can only go on what the evidence is. And so I'm . . . comfortable with that decision. (emphasis added).

The Court's statement, taken in context, was not an impermissible comment on Defendant's right not to testify. Certainly, the Court did not threaten to "hold Mr. Callwood's silence against him." See United States v. Wysocki, No. 8:10-CR-89-T-17EAJ, 2010 WL 4513428, at *2-3 (M.D. Fla. Nov. 2, 2010) (recognizing the defendant's right not to testify, "the [c]ourt did not threaten to 'hold it against' [the defendant]" and concluding that "[t]he sentence imposed was not based on . . . [the defendant's] Fifth Amendment right not to testify during the evidentiary portion of the sentencing hearing"). The Court relied solely on the evidence presented during sentencing to determine the sentencing enhancement, and it drew no adverse inferences from Mr. Callwood's silence. The sentence would have been the same regardless of whether the Court made the statement it did.

The Court, therefore, did not impose an impermissible burden on Defendant's exercise of the constitutional right against compelled self-incrimination. Thus, the Court believes the sentence to be lawful and proper.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of April, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

md.
Copies to:
Andrew Tysen Duva, AUSA
Robert A. Ratliff, Esquire
U.S. Probation
Defendant